IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INARI MEDICAL, INC., <br><br> Plaintiff <br><br> v. <br><br> INQUIS MEDICAL, INC., <br><br> Defendant. | Civil Action No. 24-1023-CFC |

## MEMORANDUM

Plaintiff Inari Medical, Inc. (Inari) has sued Defendant Inquis Medical, Inc. (Inquis) for trade secret misappropriation, intentional interference with contract, and patent infringement. D.I. 1. Inquis moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted. D.I. 11. At oral argument, I denied Inquis's motion insofar as it sought dismissal of Inari's trade secret, intentional interference with contract, and direct patent infringement claims, 7.16.25 Hr'g Tr. (docketed as D.I. 105) 17:1–12, 20:16–21:8, 21:23–25, 37:17–20; granted the motion without prejudice and with leave to amend insofar as it sought dismissal of Inari's claims of induced infringement, 7.16.25 Tr. 36:19–37:16; and denied the motion insofar as it sought dismissal of Inari's assertions in the Complaint that it is entitled to enhanced

damages under 35 U.S.C. § 284 based on Inquis's willful infringement, 7.16.25 Tr. 30:14–31:22.

I write here to address two issues because of the frequency these issues arise in the many patent cases assigned to me. The first issue was raised by the parties in their briefing. The second issue was not.

I.

The first issue is whether the complaint filed in a lawsuit can provide the required knowledge for claims asserted in the lawsuit of post-suit indirect infringement and demands for willfulness-based enhanced damages. Neither the Supreme Court nor the Federal Circuit has addressed this question. The district courts that have addressed it are split in their views. *See DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 199, 203 (D. Del. 2023) (recognizing the split of authority and collecting cases). I previously answered the question "no" in *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250 (D. Del. 2021), though I said at the time that I was "not without doubts." *Id.* at 251.

I explained my reasoning in *ZapFraud* as follows:

> "The purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020). ZapFraud has identified, and I know of, no area of tort law other than patent infringement where courts have allowed a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed the claim. The limited authority vested in

2

our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims. It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages. I agree with Judge Andrews's statement in *Callwave Communications LLC v. AT & T Mobility LLC*, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014), that "[t]here is a benefit to society if [a] matter is resolved without a suit." As Judge Andrews observed in *Callwave*, a pre-suit notice letter could very well lead "the patent holder and the asserted infringer [to] exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed." *Id.*; *see also Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[R]equiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit. Pre-litigation attempts at resolution are especially desirable in patent cases, which are often expensive and thus resolved by settlement.").

The policies that govern our patent system make the requirement of pre-suit knowledge of the asserted patents especially warranted for enhanced damages claims. Direct infringement is a strict liability tort. Enhanced damages under § 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 136 S. Ct. 1923, 1932, 195 L.Ed.2d 278 (2016). "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* The purpose of enhanced damages is to punish and deter bad actors from egregious conduct, not

3

> to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents. As the Federal Circuit noted in *Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508 (Fed. Cir. 1990),
>
>> [i]n our patent system, patent applications are secret, and patentees are authorized to sue "innocent" manufacturers immediately after their patents issue and without warning. To hold such patentees entitled to increased damages or attorney fees on the ground of willful infringement, however, would be to reward use of the patent system as a form of ambush.
>
> *Id.* at 511.
>
> Accordingly, in the absence of binding authority to the contrary from the Federal Circuit and Supreme Court, I will adopt the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit. And I conclude that the operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit.

528 F. Supp. 3d at 250–52 (alterations in original). I also noted in *ZapFraud* that "[n]either of these rules prevents a plaintiff from filing in the future a new lawsuit alleging that the knowledge requirement [for indirect or willful infringement] is

4

established based on the defendant's awareness of the previous lawsuit." *Id.* at 252 n.4 (citation omitted).

Inari has asked me to reconsider my holding in *ZapFraud* "[g]iven Judge Bryson's recent guidance" in *DSM*. D.I. 14 at 23. Judge Bryson held in *DSM* that a plaintiff can predicate assertions of post-suit indirect and willful infringement of a patent on the defendant's knowledge of the patent gained from the filing of the complaint in the lawsuit. Judge Bryson further held that the plaintiff need not file an amended complaint to pursue those claims in the lawsuit because, in his view, "it would serve little purpose to require the plaintiff to go through the formality of 'fil[ing] an amended complaint in order to be allowed to assert knowledge of the patents during the period following the filing of the original complaint.'" *DSM*, 700 F. Supp. 3d at 200 (alteration in original) (quoting *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 330515, at *4 n.1 (D. Del. Jan. 25, 2019)). Inari says that should I "decide not to follow Judge Bryson, [it] will be forced to file a second lawsuit alleging indirect and willful infringement of the Asserted Patents based on Inquis' knowledge from this suit," and that "such procedure would serve little purpose and result in extra time and expense for the parties and the Court litigating a second case." D.I. 14 at 23 (internal quotation marks and citation omitted).

I disagree, however, that little purpose is served by requiring Inari to bring a second suit to allege claims of indirect infringement or to seek willfulness-based

5

enhanced damages predicated on Inquis having gained knowledge of the asserted patents as a result of Inari's assertion of the patents in the Complaint. To establish both indirect and willful infringement, the plaintiff must not only demonstrate that the defendant had knowledge of or was willfully blind to the existence of the asserted patents; it must also demonstrate that the defendant had knowledge of or was willfully blind to the direct infringement of the patents by another party. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 768 (2011) (indirect infringement); *Halo Elecs.*, 579 U.S. at 105–06 (willful infringement). Parties accused of directly or indirectly infringing a patent often consult with counsel to assess whether there are grounds to the accusation. And if an infringement accusation (direct or indirect) is leveled in a lawsuit against the party, the party will certainly discuss the merits of the accusation with its trial counsel. Thus, as I noted in *ZapFraud*, requiring the plaintiff to bring a second suit to assert claims of post-suit indirect infringement or to seek post-suit willfulness-based enhanced damages "avoid[s] thorny privilege and attorney work product issues that arise when a defendant relies on the opinions of its trial counsel to form its own opinion about whether it infringes the asserted patents." 528 F. Supp. 3d at 252 n.4. In my view, removing the need for the defendant to weigh and act on and the Court to parse and resolve these thorny issues is significant.

I also disagree that a second suit will necessarily result in extra time and expense for the parties and the Court. As I noted in *ZapFraud*, "[t]he results of the first suit and estoppel doctrines would likely reduce substantially the scope of the second suit." *Id.*

Finally, Inari's counsel stated at oral argument that the rule I adopted in *ZapFraud* effectively deprives patentees of method claims from being able to assert the indirect infringement of those claims in their preferred fora. 7.16.25 Tr. 35:2–14. According to counsel, such patentees are forced under *ZapFraud* to send defendants pre-suit notice of infringement letters that enable defendants to file actions for declaratory judgments of noninfringement preemptively in venues of the defendants' choosing. *Id.* I do not dispute that pre-suit notice letters can often afford their recipients the ability to bring a declaratory judgment action in their choice of venue. But Inari has not explained, and I do not see, why that is unfair or unwise.

For these reasons, I remain of the view that a complaint filed in a lawsuit cannot provide the required knowledge for either a claim asserted in that lawsuit of post-suit indirect infringement or a demand in that lawsuit for willfulness-based enhanced damages.

II.

The second issue is whether a district court has the authority to address in the context of resolving a Rule 12(b)(6) motion a request by the defendant to preclude the plaintiff from pursuing enhanced damages under § 284 based on the plaintiff's failure to plead adequately a claim of willful infringement. I have decided that it does not.

Section 284 provides that "[u]pon finding for the claimant [in a patent case] the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. The statute further provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. In *Halo Electronics*, the Supreme Court held that this discretionary enhanced damages provision was "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior . . . [that] has been variously described in [the Court's] cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." 579 U.S. at 103–04.

Although "[s]ection 284 allows district courts to punish th[is] full range of culpable behavior," *id.* at 106, in the vast majority of patent cases, enhanced damages are sought based on allegations of willful misconduct—so much so that,

8

even though the words "willful" and "willfulness" do not appear in § 284, plaintiffs and courts frequently describe a demand for enhanced damages under § 284 as a "claim for willful infringement." *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) ("We address finally Nalco's claim for willful infringement of the '692 patent."); *Meyer Intell. Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1361 (Fed. Cir. 2012) ("Meyer amended its complaint a year later, in November 2007, to add a claim for willful infringement."); *Advanced Fiber Techs. (AFT) Tr. v. J & L Fiber Servs., Inc.*, 674 F.3d 1365, 1377 (Fed. Cir. 2012) ("Lastly, we consider AFT's assertion that the court erred by granting summary judgment dismissing AFT's claim for willful infringement."); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1373 (Fed. Cir. 2009) ("The most important fact here is that Contour failed to plead a claim for willful infringement."). Indeed, some parties and courts have characterized a demand for enhanced damages based on alleged willful infringement as a "cause of action" even though § 271 of the Patent Act, which creates causes of action for direct, induced, and contributory infringement, does not mention or suggest such a thing as "willful infringement."[1]

---

[1] *See, e.g.*, *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *5 (D. Del. May 29, 2018); *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1353 (W.D. Wash. 2014); *Trs. of Univ. of Pa. v. St. Jude Children's Rsch. Hosp.*, 982 F. Supp. 2d 518, 529–30 (E.D. Pa. 2013); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012);

I have made it a point to avoid describing accusations of willful infringement as "claims," even when the parties in the case before me do so. But I have at times—including in the excerpt from *ZapFraud* quoted above—referred to a demand for damages under § 284 as a "claim." And on at least three occasions, I have granted a defendant's motion pursuant to Rule 12(b)(6) to "dismiss" a plaintiff's demand for enhanced damages, albeit with the caveat that I would not preclude the plaintiff in those cases from seeking discovery related to whether the defendant willfully infringed the asserted patents or from asking for leave to amend its complaint to pursue enhanced damages if the plaintiff obtained evidence of willful infringement by the defendant. *See VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019); *Deere & Co. v. AGCO Corp.*, 2019 WL 668492, at *6 (D. Del. Feb. 19, 2019); *Dynamic Data Techs., LLC v. Brightcove Inc.*, 2020 WL 4192613, at *5 (D. Del. July 21, 2020). I realize now, however, that I erred in granting those motions.

---

*Inv. Tech. Grp., Inc. v. Liquidnet Holdings, Inc.*, 759 F. Supp. 2d 387, 409 (S.D.N.Y. 2010); *Powell v. Home Depot U.S.A., Inc.*, 715 F. Supp. 2d 1285, 1290 (S.D. Fla. 2010); *Dura Glob. Techs., Inc. v. Magna Donnelly Corp.*, 665 F. Supp. 2d 787, 789 (E.D. Mich. 2009); *Cognitronics Imaging Sys., Inc. v. Recognition Rsch. Inc.*, 83 F. Supp. 2d 689, 691 (E.D. Va. 2000); *Heil Co. v. Hartford Accident & Indem. Co.*, 937 F. Supp. 1355, 1361 (E.D. Wis. 1996); *In re Recombinant DNA Tech. Pat. & Cont. Litig.*, 850 F. Supp. 769, 771 (S.D. Ind. 1994).

Regardless of whether a demand for enhanced damages under § 284 is based on willful conduct or on behavior that is wanton, malicious, deliberate, consciously wrongful, flagrant, done in bad faith, or characteristic of a pirate, such a demand is not a claim that can be dismissed pursuant to Rule 12(b)(6). Rule 12(b)(6) allows a party to "assert . . . by motion" the defense of "failure to state *a claim upon which relief can be granted*." Fed. R. Civ. P. 12(b)(6) (emphasis added). Enhanced damages obtainable under § 284 are relief that can be granted upon a claim of direct, induced, or contributory infringement. They are not a claim upon which relief can be granted. And because they are a form of relief, a plaintiff need not allege in the complaint facts that show it is entitled to them. Under Rule 8, the plaintiff's complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2); but with respect to relief, Rule 8 requires only that the complaint "contain . . . a demand for the relief sought," Fed. R. Civ. Pro. 8(a)(3). Thus, assuming the complaint sufficiently alleges a claim of patent infringement, a plaintiff preserves its right to seek enhanced damages for that infringement under § 284 with a simple demand for such damages in the complaint.

In sum, neither a demand for damages under § 284 nor an accusation of willful infringement is a claim for relief subject to dismissal under Rule 12(b)(6). For that reason, I denied Inquis's motion insofar as it sought dismissal of Inari's

11

demand for enhanced damages based on willful infringement. 7.16.25 Tr. 30:14–31:22. And going forward, I will not entertain in a Rule 12(b)(6) motion a request to dismiss, or otherwise preclude a plaintiff from seeking, a demand for enhanced damages under § 284.

<u>  10.14.25  </u>           <u>          Colm F. Connolly          </u>
DATE                                                                        CHIEF JUDGE